61 F.3d 911
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.M. LEASING, INC., Plaintiff-Appellant,
v.
The J.M. SMUCKER CO., Defendant-Appellee.
 No. 94-55248.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1995.
Decided July 25, 1995.
 
 Before: WALLACE, Chief Judge, and KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. The district court did not err in granting judgment to defendant J.M. Smucker on the breach of contract claim. As the basis for all but two of its theories under this count, plaintiff J.M. Leasing relies on contract language that is either entirely nonexistent or "too vague and indefinite to give rise to an enforceable contractual duty." Ladas v. California State Auto Ass'n, 23 Cal. Rptr. 2d 810, 814 (Cal. Ct. App. 1993). JM's assertion that Smucker's entire course of conduct constituted bad faith was conclusory and unsubstantiated. JM's subsequent argument that Smucker terminated the contract in bad faith is unavailing because the contract allows for termination at any time for any reason. See Carma Developers (California), Inc. v. Marathon Dev. California, Inc., 826 P.2d 710, 727-28 (Cal. 1992). As to the theory that Smucker failed to provide promised bridge-financing, the court allowed JM to present its case. JM failed to present any evidence on this theory and the court correctly granted judgment to Smucker. See Fed. R. Civ. P. 50(a)(1).
 
 
 3
 2. The district court did not err in granting summary judgment to Smucker on the fraud and breach of the implied covenant of good faith and fair-dealing claims. Plaintiff failed to present significant probative evidence concerning the time, place, nature of and intent behind the alleged fraudulent activities. See Vaughn v. Teledyne, Inc., 628 F.2d 1214, 1220 (9th Cir. 1980). The bad faith count was superfluous because JM alleges no more than is found in the breach of contract claim, relies on the same acts and seeks the same damages. See Careau & Co. v. Security Pacific Business Credit, 272 Cal. Rptr. 387, 400 (Cal. Ct. App. 1990).
 
 
 4
 3. The court properly disallowed evidence of damages stemming from those counts it had already dismissed. See Fed. R. Evid. 402. Nor did the court err in disallowing evidence of damages suffered more than six months after the notice of termination since those damages were not foreseeable. See Martin v. U-haul Co., 251 Cal. Rptr. 17, 24 (Cal. Ct. App. 1988). Finally, the court did not abuse its discretion in disallowing evidence of the value JM forewent in signing the contract. JM claimed the contract was valid and had been breached. Thus, JM could recover only damages resulting from the breach and could not also demand rescission. See Cal. Civ. Code Sec. 3300; cf. Cal. Civ. Code Sec. 1692.
 
 
 5
 Appellant's remaining contentions are without merit and are therefore rejected.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3